IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GARRETT GILLESPIE,

        Plaintiff,

vs.

NATIONWIDE INSURANCE COMPANY OF AMERICA a/k/a ALLIED INSURANCE COMPANY OF AMERICA; NATIONWIDE INSURANCE COMPANY OF AMERICA a/k/a DEPOSITORS INSURANCE COMPANY; ACUITY, A MUTUAL INSURANCE COMPANY; and MARIA GIACCIO,

        Defendants.

## NOTICE OF REMOVAL

Acuity, A Mutual Insurance Company (Acuity), by and through its counsel of record, Riley, Shane & Keller, P.A. (Courtenay L. Keller), hereby gives notice of removal of this matter to the United States District Court for the District of New Mexico. In support, Acuity states the following:

1. Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Acuity hereby gives notice of removal of all counts and claims asserted by the Plaintiff in the civil action filed in the Third Judicial District, County of Dona Ana, State of New Mexico, styled: *Garrett Gillespie v. Nationwide Insurance Company of America, et al.*; Third Judicial District Cause No. D-307-CV-2016-02089. Pursuant to 28 U.S.C. § 1446 (a), copies of all process, pleadings, and orders served to date are attached hereto as Exhibit "A".

2. Plaintiff's Complaint for Negligence, Declaratory Judgment, Breach of Contract, and Damages (Complaint) was filed in the Third Judicial District Court on September 7, 2016. *See* Exhibit "A-1". A summons was issued by the Third Judicial District Court on October 26,

2016.  *See* Exhibit "A-2".  Pursuant to NMSA 1978, Sections 59A-5-31 and 59A-5-32, the State of New Mexico Office of the Superintendent of Insurance accepted service of the Complaint on behalf of Acuity as of October 31, 2016, and sent the summons and Complaint via certified mail to Acuity on that same date.  *See* Exhibit "A-3".  Acuity received the summons and Complaint on November 4, 2016.  *See* Exhibit "A-4".  Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446 (b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 348, 119 S.Ct. 1322, 1325 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint . . . but not by mere receipt of the complaint unattended by any formal service").

      3.      This is an action of a civil nature in which the United States District Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 (a) because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00.

      4.      Plaintiff is, upon information and belief, a citizen and resident of the State of New Mexico.  *See* Exhibit "A-1", Complaint at ¶ 1.  Defendant Acuity is a corporation organized and existing under the laws of Wisconsin with its principal place of business in Wisconsin.  Defendant Nationwide Insurance Company (Nationwide) is a corporation organized and existing under the laws of a state other than New Mexico.  *See* "Exhibit A-5", Nationwide's Answer to Complaint at ¶ 2.  Upon information and belief, Defendant Maria Giaccio is not a resident of New Mexico.  *See* Exhibit "B".

5. A reasonable estimate of the amount that will be put at issue in the course of the litigation will exceed $75,000.00,[1] exclusive of interest and costs.

6. This case involves an actual controversy between the parties regarding their respective rights and obligations under the applicable insurance policies. *See generally* Exhibit "A-1", Complaint.

7. Plaintiff's Complaint asserts causes of action for (a) "Negligence" (¶¶ 17-19); (b) "Declaratory Judgment" (¶¶ 21-22); (c) "Underinsured Motorist (UIM) Coverage" (¶¶ 24-28); (d) "Violations of the New Mexico Insurance Code" (¶¶ 30-34); (e) "Violations of the New Mexico Unfair Practices Act" (¶¶ 36-40); and (f) "Bad Faith Breach of Contract" (¶¶ 42-50). *See* Exhibit "A-1", Complaint at noted paragraphs.

8. Without admitting the validity of any of Plaintiff's allegations, the amount that will be put at issue in the course of the litigation will likely exceed the jurisdictional minimum because Plaintiff seeks to recover from the Defendants: (a) policy benefits for compensatory damages arising from bodily injury including past and future medical expenses, future surgery, permanent injury, past and future pain and suffering, and past and future lost enjoyment of life; (b) compensatory damages for breach of contract, breach of the implied duty of good faith and fair dealing, and violation of the Unfair Claims Practices Act and the Unfair Practices Act; (c) punitive damages based on allegations of intentionally wrongful and fraudulent acts; (d) treble

---

[1] *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (1995); *see also Frederick v. Acuity Underwriters Ins. Co.,* 683 F.3d 1242, 1254 (10th Cir. 2012); and *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014) (holding "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. . . [e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation").

damages based on unconscionable acts; and (e) attorneys' fees incurred in this action. *See generally* Exhibit "A-1", Complaint.

9. The damages claimed as a result of the underlying bodily injury claim, which Plaintiff claims the Defendants owe in underinsured motorist benefits, combined with the damages claimed as a result of the alleged breach of contract, bad faith, and statutory violations, likely exceed the minimum jurisdictional limit.

10. If Plaintiff prevails on his claims to recover damages arising from the alleged breach of contract, bad faith, and statutory violations, New Mexico law may permit recovery of compensatory damages, incidental and consequential loss damages, punitive damages, and attorneys' fees. *See* UJI 13–1712 NMRA (compensatory damages in bad faith cases); UJI 13–1714 NMRA (costs of defense); UJI 13–1715 (indemnification); UJI 13–1716 (incidental and consequential loss damages); NMSA 1978, § 39-2-1 (permitting an award of attorneys' fees where insurer acted unreasonably in failing to pay a first party claim); NMSA 1978, § 59A-16-30 (permitting an award of attorneys' fees where an insurer has willfully engaged in a violation of § 59A-16-20 and mandating costs to the prevailing party); and UJI 13-1718 NMRA (providing recovery of punitive damages in bad faith actions where carrier acted in reckless disregard for the interests of its insured).

11. "Punitive damages may be considered in determining the requisite jurisdictional amount." *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir. 2003). A removing defendant need only establish that state law would permit a recovery of punitive damages and that the "total award, including compensatory and punitive damages, could exceed 'the jurisdictional minimum].'" *Frederick v. Acuity Underwriters Ins. Co.*, 683 F.3d 1242, 1245 (10th Cir. 2010). Similarly, where recovery of attorneys' fees is permitted by statute,

such claims may also be considered in determining whether the amount in controversy requirement is satisfied.  *See Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933).

12. Without admitting any of the Plaintiff's allegations, and without admitting the Plaintiff is entitled to recover any of the claimed damages, Acuity submits that the aggregate "value" of what Plaintiff seeks to recover in this case, or what a judgment would be worth to Plaintiff, exceeds $75,000.00.  *See Wiatt v. State Farm Ins. Co.*, 560 F.Supp.2d 1068, 1075 (D.N.M. 2007) (providing court may "aggregate actual damages, punitive damages, attorneys' fees, and statutorily imposed penalties" when determining whether jurisdictional amount requirement is satisfied).

13. Pursuant to 28 U.S.C. § 1446 (c), Defendant Nationwide consents to removal.  *See* Exhibit "B".  Upon information and belief, Defendant Maria Giaccio has not been served with process.

14. Pursuant to 28 U.S.C. § 1446 (d), written notice of removal has been given to all adverse parties and a copy of this Notice of Removal has been filed with the Clerk of the Thirteenth Judicial District Court, County of Sandoval, State of New Mexico.

    Respectfully submitted,

    **RILEY, SHANE & KELLER, P.A.**

    By: */s/ Electronically filed by Courtenay L. Keller*
        **COURTENAY L. KELLER**
        3880 Osuna Road NE
        Albuquerque, NM 87109
        (505) 883-5030
        *Attorneys for Defendant*
        *Acuity, a Mutual Insurance Company*

The undersigned hereby certifies that on the 2nd day of December, 2016, a copy of the foregoing was electronically filed through the CM/ECF system, which caused the following participating CM/ECF counsel to be served with same by electronic means. The undersigned further certifies that on the 2nd day of December, 2016, a true and correct copy of the foregoing was also e-mailed to the following counsel of record:

Charles J. Ruhmann, IV
Paul G. Tellez
Ruhmann Law Firm
*Attorneys for Plaintiffs*
5915 Silver Springs, Bldg. 1
El Paso, TX 79912
Email: cruhmann@ruhmannlaw.com
Email: ptellez@ruhmannlaw.com


By: */s/ Original signed by Courtenay L. Keller*
      **COURTENAY L. KELLER**