3RD JUDICIAL DISTRICT COURT
DONA ANA COUNTY NM
FILED IN MY OFFICE
9/7/2016 4:00:55 PM
CLAUDE BOWMAN
Paloma Nava

STATE OF NEW MEXICO
COUNTY OF DOÑA ANA
THIRD JUDICIAL DISTRICT COURT

GARRETT GILLESPIE,

    Plaintiff,

vs.

No.   D-307-CV-2016-02089

Martin, James T.

NATIONWIDE INSURANCE COMPANY
OF AMERICA a/k/a ALLIED INSURANCE COMPANY OF
AMERICA; NATIONWIDE INSURANCE COMPANY
OF AMERICA a/k/a DEPOSITORS INSURANCE COMPANY;
ACUITY, A MUTUAL INSURANCE COMPANY;
and MARIA GIACCIO,

    Defendants.

## COMPLAINT FOR
## NEGLIGENCE, DECLARATORY JUDGMENT,
## BREACH OF CONTRACT, AND DAMAGES

    Plaintiff, by and through his attorneys, RUHMANN LAW FIRM, P.C. (Charles J. Ruhmann, IV), (Paul G. Tellez), for his causes of action against the Defendants, states:

### I. COMMON FACTUAL ALLEGATIONS

1.     Plaintiff is a resident of Doña Ana County, New Mexico.

2.     Defendant, NATIONWIDE INSURANCE COMPANY OF AMERICA ("Defendant" or "NATIONWIDE"), is an insurer as defined by New Mexico law which is organized and existing under the laws of a state other than New Mexico, but is authorized to conduct business, and is conducting business, within Doña Ana County, New Mexico; and, upon information and belief, NATIONWIDE is also known as, or goes by another entity name of, ALLIED INSURANCE COMPANY OF AMERICA ("Defendant" or "ALLIED").

3.     Defendant, NATIONWIDE INSURANCE COMPANY OF AMERICA ("Defendant" or "NATIONWIDE"), is an insurer as defined by New Mexico law which is organized and existing under the laws of a state other than New Mexico, but is authorized to

EXHIBIT A-1

conduct business, and is conducting business, within Doña Ana County, New Mexico; and, upon information and belief, NATIONWIDE is also known as, or goes by another entity name of, DEPOSITORS INSURANCE COMPANY ("Defendant" or "DEPOSITORS").

4. Defendant, ACUITY, A MUTUAL INSURANCE COMPANY ("Defendant" or "ACUITY"), is an insurer as defined by New Mexico law which is organized and existing under the laws of a state other than New Mexico, but is authorized to conduct business, and is conducting business, within Doña Ana County, New Mexico.

5. Defendant, MARIA GIACCIO, is an individual who is a claims adjuster working for one or more of the named Defendants herein, including NATIONWIDE, ALLIED, and/or DEPOSITORS.

6. At all times pertinent hereto, Plaintiff and Defendants, NATIONWIDE, ALLIED, and/or DEPOSITORS were insured and insurer respectively under a valid and binding contract for insurance, policy number PPXM0041435022-2. Plaintiff was covered as a "class 1" insured under a policy of automobile insurance issued by one or more named Defendants herein to Kenneth Gillespie, which provided him and family members coverage for injuries and damages suffered through the acts or omissions of underinsured ("UIM") motorists. ("NATIONWIDE, ALLIED, and/or DEPOSITORS Policy").

7. At all times pertinent hereto, Plaintiff and Defendant ACUITY were insured and insurer respectively under a valid and binding contract for insurance, policy number U-84433. Plaintiff was covered as a "class 1" insured under a policy of automobile insurance issued by Defendant to Chelsey Gillespie, sister of Garrett Gillespie, which provided her and family members coverage for injuries and damages suffered through the acts or omissions of underinsured ("UIM") motorists. ("ACUITY Policy")

2

8. On or about October 9, 2013, said insurance policies were in full force and effect.

9. On or about October 9, 2013, within the effective period of the aforementioned policies, at approximately 5:43 p.m., Plaintiff, Garrett Gillespie was operating his 2005 Mitsubishi Eclipse in a reasonable and prudent manner, exercising ordinary care for his safety and for the safety of others, traveling eastbound on E. Missouri Avenue approaching the intersection of S. Locust Street in Las Cruces, New Mexico.

10. Deborah Sarabia, a New Mexico resident, operating a 2013 Hyundai, was also traveling eastbound on E. Missouri Avenue approaching S. Locust Street, directly behind Garrett Gillespie. Suddenly and without warning, Deborah Sarabia violently struck the rear end of Garrett Gillespie's vehicle, twice.

11. As a result of Deborah Sarabia's negligent conduct and the resulting collision, Mr. Gillespie's vehicle sustained severe damages and Plaintiff sustained substantial physical injuries and damages.

12. The investigating officer with the Las Cruces Police Department, Juan Ray Stewart, interviewed the parties and determined that Deborah Sarabia was at fault for the collision.

13. Plaintiff duly reported the automobile collision to NATIONWIDE, ALLIED, and/or DEPOSITORS, and provided all requested information and documentation.

14. Under the terms of each UIM policy and under applicable law, Defendants shall provide UIM benefits to the Plaintiff, as a class 1 insured, for up to the policy limits, less the offset amount that Plaintiff has recovered from the underinsured driver, Deborah Sarabia, in another action.

15.     Plaintiff has otherwise performed all conditions precedent to his right to receive insurance proceeds under the aforementioned UIM policies to compensate him for the losses caused by Deborah Sarabia's negligence.

## II. NEGLIGENCE

16.     Plaintiff incorporates the above allegations as though fully restated herein.

17.     Defendants owed Plaintiff statutory and common law duties to ensure that Plaintiff was covered by the insurance requested, expected and for which consideration was paid.

18.     Defendants breached its statutory and common law duties to Plaintiff by acting unreasonably and by failing to effectuate Plaintiff's expectation of coverage as alleged herein.

19.     As a proximate result of Defendants' negligence and/or mistakes, Plaintiff has been damaged in an amount to be proven at trial, including but not limited to attorney's fees and costs of suit pursuant to §39-2-1, NMSA 1978.

## III. DECLARATORY JUDGMENT

20.     Plaintiff incorporates the above allegations as though fully restated herein.

21.     Defendants have failed to provide reasonable offers to settle Plaintiff's demands for compensation for his injuries and damages under the each policy.

22.     An actual controversy exists between the parties concerning their respective rights, status, and obligations under the facts and circumstances of this case and each insurance policy involved herein sufficient to satisfy the requirements of the Declaratory Judgment Act, §§ 44-6-1 to 44-6-15, NMSA 1978.

## IV. UNDERINSURED MOTORIST (UIM) COVERAGE

23.     Plaintiff incorporates the above allegations as though fully restated herein.

4

24. As described herein, Plaintiff sustained substantial physical injuries and damages as a direct and proximate result of the negligent operation of a motor vehicle by Deborah Sarabia, an underinsured driver.

25. As a direct and proximate result of the negligence of that underinsured driver, Plaintiff has incurred medical expenses for treatment, therapy, and medication for his injuries sustained in this accident, said expenses are expected to continue in the future and may require surgery, resulting in compensatory damages in an amount to be proven at trial.

26. As a direct and proximate result of the negligence of that underinsured driver, Plaintiff has endured pain and suffering, mental anguish, and loss of enjoyment of life, and will continue to endure such damages in the future, in an amount to be proven at trial.

27. As a direct and proximate result of the negligence of that underinsured driver, Plaintiff has suffered injuries which are likely to be permanent, resulting in damages in an amount to be proven at trial.

28. Under the terms of the policy and under applicable law, Defendants are liable to Plaintiff for all damages, less offset, that Plaintiff could have recovered from the underinsured driver.

## V. VIOLATIONS OF THE NEW MEXICO INSURANCE CODE

29. Plaintiff incorporates the above allegations as though fully restated herein.

30. The actions of Defendants as described herein constitute violations of the New Mexico Insurance Code, § 59A-16-20, NMSA 1978.

31. Specifically, Defendants, through its employees and/or agents, committed the following acts, which are defined by the Code as prohibited practices:

(a) Misrepresenting to insured pertinent facts or policy provisions relating to coverages at issue;

(b) not attempting in good faith to effectuate prompt, fair and equitable settlements of an insured's claim in which liability has become reasonably clear;

(c) compelling insured to institute litigation to recover amounts due under policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds when such insureds have made claims for amounts reasonably similar to amounts ultimately recovered; and

(d) failing to promptly provide an insured a reasonable explanation of the basis relied on in the policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

32. As a direct and proximate cause of Defendants' violations of the Insurance Code, Plaintiff has suffered damages in an amount to be proven at trial.

33. Defendants' violations of the Insurance Code were wanton, malicious and done with intentional disregard of Plaintiff's interests and rights and of Defendant's duties and obligations under New Mexico law, thereby making Defendants liable to Plaintiff for exemplary and punitive damages.

34. Plaintiff is entitled to recover reasonable attorney's fees for Defendants' knowing and intentional violations of the Insurance Code.

### VI. VIOLATIONS OF THE NEW MEXICO UNFAIR PRACTICES ACT

35. Plaintiff incorporates the above allegations as though fully restated herein.

36. Defendants' actions as described herein constitute violations of the New Mexico Unfair Practices Act, § 57-12-1 *et seq.*, NMSA 1978 ("UPA").

37. Specifically, Defendants, through its employees and agents, knowingly made false or misleading representations in connection with the sale of its insurance services in the regular course of its commerce which to or did deceive and mislead Plaintiff, including the failure to deliver the quality of insurance services contracted for.

38. In addition, Defendants' actions constitute "unconscionable trade practices" as defined in the UPA in that the insurance services provided to Plaintiff resulted in a gross disparity between the value received by the insureds and the price paid for the insurance policy.

39. Defendants' violations of the UPA were wanton, malicious and done with intentional disregard of Plaintiff's interests and rights, and of Defendants' duties and obligations under New Mexico law, thereby making Defendants liable to Plaintiff for exemplary and punitive damages.

40. Plaintiff is entitled to recover reasonable attorney's fees under the UPA said violations by Defendants which were knowing and intentional.

## VII. BAD FAITH BREACH OF CONTRACT

41. Plaintiff incorporates the above allegations as though fully restated herein.

42. Plaintiff was insured for his damages caused by the accident of October 9, 2013.

43. Defendants have failed and refused to pay these damages pursuant to the policies issued to Kenneth Gillespie and Chelsey Gillespie respectively.

44. Further, under New Mexico law, Defendants have the duty to act honestly, promptly, in good faith, and in a non-discriminatory manner in the performance of the insurance contract. Defendants further have an obligation to give equal consideration to its own interests and the interests of its insureds and policyholders.

45. As described herein, Defendants have breached these duties and has thereby acted

in bad faith.

46. Defendants have breached its contractual obligation to pay the damages incurred by its insured, the Plaintiff.

47. Defendants have failed to offer to pay a reasonable sum to settle Plaintiff's UIM claim despite serious and permanent injuries, and despite the fact that the liability of Deborah Sarabia has been established for quite some time.

48. Defendants' actions were intentional, malicious, and willful and wanton, thereby justifying an award of punitive and exemplary damages.

49. As a direct and proximate result of the October 9, 2013, accident, Plaintiff suffered personal injuries requiring medical treatment and permanent injuries. His injuries have interfered with his ability to engage in normal wage earning, social, and recreational activities. They have caused him great pain and suffering, and damages including but not limited to medical bills, pain and suffering, lost wages, loss of enjoyment of life, loss of household services, attorney's fees, and costs of suit, which Defendants have failed to pay in accordance with its contractual and legal obligations.

50. Plaintiff is entitled to recover his attorney's fees and costs in pursuing this action pursuant to §39-2-1 NMSA 1978.

WHEREFORE, Plaintiff prays for judgment against Defendants in an amount to be proven at trial which is reasonable to compensate him for his damages, injuries, losses, damages to be sustained in the future, the costs of this action, attorney's fees, and pre- and post-judgment interest; for a Court review of each of the insurance policies herein, the facts and circumstances, and the applicable law; for the issuance an order determining and awarding the amount of damages incurred by the Plaintiff, declaring the parties' respective rights and obligations, and directing their

behavior accordingly, all as permitted by the Declaratory Judgment Act; for judgment awarding punitive damages in an amount sufficient to punish Defendants for their willful, intentional misconduct resulting in delay of payment of the claim and for forcing litigation upon Plaintiff; for judgment awarding punitive damages in an amount sufficient to punish Defendants for their willful, intentional misconduct resulting in delay of payment of damages, and for forcing litigation upon Plaintiff; and for judgment granting all such other and further relief as the Court deems proper under the circumstances.

Respectfully submitted,

**RUHMANN LAW FIRM**
5915 Silver Springs, Bldg. 1
El Paso, Texas 79912
(915) 845-4529
(915) 845-4534 Fax

BY: /s/ Charles J. Ruhmann, IV
**CHARLES J. RUHMANN, IV**
cruhmann@ruhmannlaw.com
**PAUL G. TELLEZ**
ptellez@ruhmannlaw.com
*Attorneys for Plaintiff*

3RD JUDICIAL DISTRICT COURT
DONA ANA COUNTY NM
FILED IN MY OFFICE
9/7/2016 4:00:55 PM
CLAUDE BOWMAN
Paloma Nava

STATE OF NEW MEXICO
COUNTY OF DOÑA ANA
THIRD JUDICIAL DISTRICT COURT

GARRETT GILLESPIE,

    Plaintiff,

vs.

No.  D-307-CV-2016-02089

Martin, James T.

NATIONWIDE INSURANCE COMPANY
OF AMERICA a/k/a ALLIED INSURANCE COMPANY OF
AMERICA; NATIONWIDE INSURANCE COMPANY
OF AMERICA a/k/a DEPOSITORS INSURANCE COMPANY;
ACUITY, A MUTUAL INSURANCE COMPANY;
and MARIA GIACCIO,

    Defendants.

## COURT ANNEXED ARBITRATION CERTIFICATION

Plaintiff, by through his undersigned counsel, pursuant to Third Judicial District Local Rule, Rule LR3-706B, certifies as follows:

[ ]     This party seeks only a money judgment and the amount sought does not exceed twenty- five thousand dollars ($25,000.00) exclusive of punitive damages, interest, cost and attorney fees.

[X]     This party seeks relief other than a money judgment and/ or seeks relief in excess of twenty-five thousand dollars ($25,000.00) exclusive of punitive damages, interest, costs and attorney fees.

Respectfully submitted,

**RUHMANN LAW FIRM**
5915 Silver Springs, Bldg. 1
El Paso, Texas 79912
(915) 845-4529
(915) 845-4534 Fax

BY: /s/ *Charles J. Ruhmann, IV*
**CHARLES J. RUHMANN, IV**
**PAUL G. TELLEZ**
*Attorneys for Plaintiff*

3RD JUDICIAL DISTRICT COURT
DONA ANA COUNTY NM
FILED IN MY OFFICE
9/7/2016 4:00:55 PM
CLAUDE BOWMAN
Paloma Nava

STATE OF NEW MEXICO
COUNTY OF DOÑA ANA
THIRD JUDICIAL DISTRICT COURT

GARRETT GILLESPIE,

    Plaintiff,

vs.

No.  D-307-CV-2016-02089

Martin, James T.

NATIONWIDE INSURANCE COMPANY
OF AMERICA a/k/a ALLIED INSURANCE COMPANY OF
AMERICA; NATIONWIDE INSURANCE COMPANY
OF AMERICA a/k/a DEPOSITORS INSURANCE COMPANY;
ACUITY, A MUTUAL INSURANCE COMPANY;
and MARIA GIACCIO,

    Defendants.

## PLAINTIFF'S SIX PERSON JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff hereby demands a jury of six persons, and tender the requisite fee in accordance with this demand.

Respectfully submitted,

**RUHMANN LAW FIRM**
5915 Silver Springs, Bldg. 1
El Paso, Texas 79912
(915) 845-4529
(915) 845-4534 Fax

BY:   /s/ *Charles J. Ruhmann, IV*
**CHARLES J. RUHMANN, IV**
**PAUL G. TELLEZ**
*Attorneys for Plaintiff*

3RD JUDICIAL DISTRICT COURT
DOÑA ANA COUNTY NM
FILED IN MY OFFICE
9/8/2016 10:13:23 AM
CLAUDE BOWMAN
Rocio Delgado

**STATE OF NEW MEXICO**
**COUNTY OF DOÑA ANA**
**THIRD JUDICIAL DISTRICT COURT**

GARET GILLESPIE,

                Plaintiff,

v.                                                           Case No. D-307-CV-2016-02089
                                                           James T. Martin

NATIONWIDE INSURANCE COMPANY OF AMERICA, ETAL,

                Defendant,

## ORDER REQUIRING SCHEDULING REPORTS, A DISCOVERY PLAN, EXPERT WITNESS DISCLOSURE, AND LIMITING STIPULATIONS TO ENLARGE TIME FOR RESPONSIVE PLEADINGS

**IT IS SO ORDERED:**

A.     Plaintiff shall serve a copy of this order on each defendant with the summons and complaint and file a certificate of such service. Parties other than plaintiffs who assert claims against others who have not been served with this order shall serve a copy of this order on those against whom they assert claims with the pleading asserting such claims and shall file a certificate of such service.

B.     Sixty (60) days after the complaint is filed, parties of record shall file a scheduling report with copies to opposing parties and the assigned judge. Parties shall confer and are encouraged to file a Joint Scheduling Report, LR3-Form 2.12 NMRA for Track A or LR3-Form 2.13 for Tracks B and C (*See Appendix to the local rules for all forms*), or, if they cannot agree, file an individual Scheduling Report, LR3-Form 2.13 NMRA.

C.     Any party who enters the case more than sixty (60) days after the filing of the complaint shall file a scheduling report within ten (10) days.

D.  If all parties are not of record within sixty (60) days of the filing of the initial pleadings, the party making claims against the absent parties (*Plaintiff for Defendants, Third-Party Plaintiffs for Third-Party Defendants, etc.*) shall, within five (5) business days after the 60th day, file and serve parties of record and deliver to the assigned judge, a written explanation following LR3-Form 2.14 NMRA, "Delay in Putting the Matter at Issue."

E.  Counsel or parties who do not have attorneys may not stipulate to an enlargement of time greater than fourteen (14) days for the filing of a responsive pleading without a motion and order. The motion shall state with particularity the reason an enlargement is in the best interests of the parties. A copy of the motion and stipulation shall be delivered to all parties as well as counsel. The enlargement requested shall be for a specified time.

F.  When all parties have been joined and the case is at issue, the parties shall immediately notify in writing the assigned judge and the alternative dispute resolution coordinator.

G.  If appropriate, the court will refer this matter to settlement facilitation under Part VII of the Local Rules of the Third Judicial District Court.

H.  For cases subject to arbitration under Local Rule LR3-706 NMRA, the parties may file a written stipulation to waive facilitation with a copy to the ADR coordinator and the assigned judge within sixty (60) days after the complaint has been filed or ten (10) days after all parties are jointed if LR3-Form 2.14 NMRA has been filed. If the parties cannot stipulate, the party seeking waiver of facilitation may file a motion for relief from facilitation.

I.  Within seventy-five (75) days from the date the complaint was filed, or fifteen (15) days after the case is at issue if LR3-Form 2.14 NMRA has been filed, the parties shall either:

    (1)  stipulate to a discovery plan and file the stipulation with the court, or

    (2)  request a hearing to establish a discovery plan pursuant to Paragraph F of Rule 1-016 NMRA.

    (3)  In the absence of a stipulated discovery plan or a timely request from a party for a hearing to establish a discovery plan, the following plan shall go into effect:

Within one hundred (100) days after the complaint was filed or fifteen (15) days after a

party has entered the suit, whichever is the later date, each party shall provide to all other parties:

    a. The name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed issues raised by the pleadings, identifying the subjects of the information;

    b. A copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to disputed issues raised by the pleadings;

    c. A computation of any category of damages claimed by the disclosing party, providing copies or making available for inspection and copying the documents or other evidentiary materials and medical records and opinions, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered;

    d. For inspection and copying, any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment;

    e. If the medical condition of a party is at issue, such party shall give a medical release authorization to opposing parties. The parties shall confer regarding the nature and extent of the release and stipulate, if possible. If the parties cannot agree, each party shall file a memorandum with a proposed medical release authorization advocating that party's proposed form to the court. A copy of the memorandum and proposed form shall be delivered to the assigned judge. Rule 1-007.1 NMRA shall apply.

J. Pursuant to Rule 1-026(E) NMRA, parties shall reasonably supplement discovery required in Subparagraphs (3)(a) through (e) of Paragraph I of this Order.

K. Intent to Call Expert Witness - Disclosure. No later than sixty (60) days after filing their

respective complaint or responsive pleading, all parties shall exchange a "Notice of Intent to Call Expert Witness(es)". The parties shall list the names, addresses and phone numbers for all anticipated experts, including a brief summary of the subject matter of each witness' testimony. If an expert has not yet been identified by a party, the parties must list the specialized area(s) in which an expert is anticipated to be retained and a brief summary of the areas or issues on which the expert is expected to testify on. With respect to each expert listed, all parties are to observe their continuing duty to timely supplement discovery and shall further abide by the requirements of Section 8 of the attachment to the Rule 16B Scheduling Order.

_____
DISTRICT COURT JUDGE

---

Delivered to Plaintiff on September 8, 2016.

Claude Bowman
Clerk of the District Court

_____
Rocio Delgado, Deputy Court Clerk

[D.C. SEAL — DISTRICT COURT, DOÑA ANA COUNTY]